UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SEP 30 2025 PM4:35
FILED - USDC - FLMD - TPA

Alexander-Justin: McAfee,
a natural person, presenting Him Self in Propria Persona, Sui Juris
**Plaintiff,**

Case No.: [8:25-cv-2666-KKM-TGW]

v.

**JURY DEMAND:** Yes

1)  State of Florida; ATTORNEY GENERAL (Ashley Moody);
2)  Florida Department of Highway Safety and Motor Vehicles (Dave Kerner);
3)  Alachua County Sheriff's Office (Sheriff Chad Scott, Deputies Isaac Minnick and Matthew Davis);
4)  Alachua County Chronicle
5)  Florida Department of Financial Services
**Defendants.**

------------------------------------
## VERIFIED MASTER COMPLAINT AND BRIEF IN SUPPORT
------------------------------------

**I. TABLE OF CONTENTS**
I. Table of Authorities
II. Jurisdiction and Venue
III. Parties
IV. Factual Allegations
V. Legal Definitions
VI. Federal Claims (U.S. District Court)
  A. Ex Post Facto Violation
  B. Fourth Amendment – Unlawful Search & Seizure
  C. Fourteenth Amendment – Due Process
  D. Right to Travel / Preemption
  E. Contract Clause Violation
  F. Declaratory & Injunctive Relief
VII. Memorandum of Law / Argument
  A. Ex Post Facto
  B. Right to Travel and Automobile Distinction
  C. Limits of Police Power
  D. Consent, Fraud, Adhesion Contracts
  E. Public Trust & Oath of Office
  F. Guarantee Clause / Federal Preemption
  G. SSA Legal Name & Misrepresentation
  H. ENSLEGIS / Artificial Person Overreach
  I. Voluntary Licensing Agreements & Education



VIII. Conclusion & Prayer for Relief
IX. Jury Demand
X. Certificate of Service
-----------------------------------

## II. TABLE OF AUTHORITIES
**Cases**
- Weaver v. Graham, 450 U.S. 24 (1981) – Ex Post Facto
- Collins v. Youngblood, 497 U.S. 37 (1990) – Retroactive criminalization
- Shapiro v. Thompson, 394 U.S. 618 (1969) – Right to Travel
- Kent v. Dulles, 357 U.S. 116 (1958) – Right to Travel
- Packard v. Banton, 264 U.S. 140 (1924) – Police Power
- Chicago Motor Coach Co. v. Chicago, 337 U.S. 262 (1949) – Road Use
- Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585 (1991) – Adhesion Contracts
- Thompson v. Smith – Licensing / Voluntary Contract
- Marbury v. Madison, 5 U.S. 137 (1803) – Public Trust / Judicial Review
- Ex parte Young, 209 U.S. 123 (1908) – Enjoining State Officers
- Cohens v. Virginia, 19 U.S. 264 (1821) – Federal Preemption / Artificial Person
- Pennsylvania v. Nelson, 350 U.S. 497 (1956) – Federal Preemption
- Trustees of Dartmouth College v. Woodward, 17 U.S. 518 (1819) – Artificial Person Authority
- Santa Clara County v. Southern Pacific Railroad Co., 118 U.S. 394 (1886) – Corporate Personhood
- Florida v. Bostick, 501 U.S. 429 (1991) – Fourth Amendment
- Utah v. Strieff, 579 U.S. 232 (2016) – Fourth Amendment
- Terry v. Ohio, 392 U.S. 1 (1968) – Stop & Frisk
- State of Florida v. Gale Distributors, Inc., 2003 – Ex Post Facto
- State of Florida v. Greer – Color of Law

**Statutes & Federal Law**
- 42 U.S.C. § 1983 – Civil Rights Enforcement
- 18 U.S.C. §§1961–1968 – RICO
- 18 U.S.C. § 31(a)(6) – Motor Vehicle / Commercial Use
- Social Security Act, 42 U.S.C. § 301 et seq.
- SSA POMS RM 10212.001 – Legal Name / Family Name / Given Name

**Florida Statutes**
- Fla. Stat. § 320.02 – Vehicle Registration
- Fla. Stat. § 322.34(2)(a) – Driver Licensing

**Constitutional Provisions**
- U.S. Const. Art. I §§ 9, 10 – Ex Post Facto / Contract Clause
- U.S. Const. Art. IV § 4 – Guarantee Clause
- U.S. Const. Art. VI – Supremacy Clause
- Fla. Const. Art. I §§ 2, 9, 10, 12 – Rights of People
- Fla. Const. Art. II §§ 5, 8 – Public Officers / Oath of Office
-----------------------------------

## III. JURISDICTION AND VENUE

- Federal Jurisdiction: 28 U.S.C. §§ 1331, 1343(a)(3); 42 U.S.C. § 1983
- Supplemental Jurisdiction: 28 U.S.C. § 1367
- Venue: Middle District of Florida, Tampa Division, where Plaintiff resides and events occurred

## IV. PARTIES

**Plaintiff:** Alexander Justin McAfee, natural person, Florida citizen.

**Defendants:**
**State of Florida**; ATTORNEY GENERAL (Ashley Moody);
**Florida Department of Highway Safety and Motor Vehicles** (Dave Kerner);
**Alachua County Sheriff's Office** (Sheriff Chad Scott, Deputies Isaac Minnick and Matthew Davis);
**Alachua County Chronicle**
**Florida Department of Financial Services**
-----------------------------------

## V. FACTUAL ALLEGATIONS
1. On April 4, 2025, Plaintiff was stopped in Gainesville, FL, without reasonable suspicion.
2. Plaintiff was unlawfully detained, arrested for "failure to register" and "resisting without violence," and accused of drugs (later dismissed).
3. Vehicle was seized and auctioned without due process.
4. Plaintiff suffered financial, reputational, and emotional harm.
5. No disclosure or consent was provided regarding licensing statutes; these operate as adhesion contracts.
6. Citizens are coerced into Social Security registration and birth certificate participation, forming the basis for government control.
7. State actors (ENSLEGIS / artificial persons) exceeded authority over Plaintiff, a natural person.

## VI. LEGAL DEFINITIONS (Black's Law Dictionary, 4th Edition)
- Person: Human being or entity with rights/duties (natural & artificial).
- Natural Person: Human being distinct from artificial person.
- Artificial Person: Legal entity (corporation, government entity).
- ENSLEGIS: Creature of law; artificial being.
- License: Permission from competent authority to do an act otherwise illegal.
- Privilege: Special legal right, exemption, or immunity.
- Adhesion Contract: Standardized contract drafted by stronger party; weaker party may only adhere or reject.
- Color of Law: Appearance of legal right without substance.
- SSA Legal Name: Name on birth certificate unless legally changed.
- Right to Travel: Fundamental right of natural person to move freely.
- Automobile vs. Motor Vehicle: Automobile = private non-commercial use; Motor Vehicle = general statutory category including commercial use.

## VII. FEDERAL CLAIMS

**Count 1 – 42 U.S.C. § 1983: Fourth Amendment Violation**
- Unlawful searches and seizures; supported by Terry v. Ohio, Florida v. Bostick, Utah v. Strieff.

**Count 2 – 42 U.S.C. § 1983: Fourteenth Amendment Due Process**
- Deprivation of liberty/property without due process; retroactive enforcement.

**Count 3 – Right to Travel & Preemption**
- Licensing statutes infringe right to travel; preempted by federal law (U.S. Const. Art. VI).

**Count 4 – Contract Clause Violation**
- Retroactive enforcement violates U.S. Const. Art. I, § 10; adhesion contracts.

**Count 5 – Declaratory & Injunctive Relief**
- Declaratory judgment that Fla. Stat. § 320.02 is unconstitutional; injunction prohibiting enforcement.

-----------------------------------

## VIII. MEMORANDUM OF LAW

**A. Ex Post Facto**
- Retroactive criminalization violates Art. I, §§ 9, 10.
- Weaver v. Graham; Collins v. Youngblood; Gale Distributors, Inc., 2003.

**B. Right to Travel & Automobile Distinction**
- Private travel is protected; Fla. Stat. §§ 320.02 & 322.34 exceed police power.
- Shapiro v. Thompson; Kent v. Dulles; 18 U.S.C. § 31(a)(6).

**C. Limits of Police Power**
- States may regulate safety, not fundamental travel.
- Packard v. Banton; Chicago Motor Coach Co. v. Chicago.

**D. Consent, Fraud, Adhesion Contracts**
- Licensing laws = adhesion contracts; citizens not informed.
- Carnival Cruise Lines, Inc. v. Shute; Thompson v. Smith.

**E. Public Trust & Oath of Office**
- Officials enforcing unconstitutional laws violate public trust.
- Marbury v. Madison; Ex parte Young.

**F. Guarantee Clause / Federal Preemption**
- Conflicting state statutes null; republican government principles violated.
- Cohens v. Virginia; Pennsylvania v. Nelson.

**G. SSA Legal Name / Misrepresentation**
- Coerced identification violates natural person rights.
- SSA POMS RM 10212.001; Social Security Act.

**H. ENSLEGIS / Artificial Person Overreach**
- Artificial persons cannot assert rights over natural persons.
- Cohens v. Virginia; Trustees of Dartmouth College v. Woodward; Santa Clara County.

**I. Voluntary Licensing Agreements & Education**
- Licensing must be voluntary; lack of education/disclosure violates rights.
- Carnival Cruise Lines, Inc. v. Shute; Thompson v. Smith; Black's Law Dictionary.

## IX. CONCLUSION & PRAYER FOR RELIEF

Plaintiff requests the Court to:
1. Declare retroactive enforcement unconstitutional.
2. Exempt private automobile operation from licensing statutes.
3. Enjoin artificial persons from asserting claims over natural persons.
4. Expunge or seal arrest records.

5. Award compensatory, punitive, and nominal damages.
6. Order public education on licensing, contracts, and constitutional rights.
7. Grant any other relief deemed just and proper.

**X. JURY DEMAND**
Plaintiff demands trial by jury on all issues so triable.


Respectfully submitted,

Without Prejudice All Rights Reserved U.C.C 1-308 U.C.C 3-402
Alexander-Justin: McAfee
Plaintiff, Pro Se
c/o General Delivery
2000 E 12th Avenue
Tampa, Florida [33602]
656-256-6662
americarepublic1776@gmail.com