UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALEXANDER JUSTIN McAFEE
    Plaintiff,
v.                                   Case No. 8:25-cv-2666-KKM-TGW

State of Florida Attorney General;
Florida Dep't of Highway Safety
and Motor Vehicles;
Alachua County Sheriff's Office;
Alachua County Chronicle,
*et al.*,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

The plaintiff filed an affidavit of indigency pursuant to 28 U.S.C. §1915 (Doc. 2), seeking a waiver of the filing fee for his "Verified Master Complaint and Brief in Support" (Doc. 1). He alleges law enforcement violated his constitutional rights during a highway stop that led to his arrest.

The pleading is a shotgun complaint that does not state a claim upon which relief may be granted. The factual allegations also indicate that venue is improper.

Although it is unlikely that the plaintiff can state an actionable claim against any of these defendants, I recommend that the complaint be

denied without prejudice to permit the pro se plaintiff one more opportunity to file a cognizable complaint that also shows venue is appropriate in this district.

I.

Under 28 U.S.C. §1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the plaintiff submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigency, the case shall be dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i), (ii).

Furthermore, although "allegations of a pro se complaint [are held] to less stringent standards than formal pleadings drafted by lawyers .... this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014). Additionally, a pro se complaint "must still comply with procedural rules governing the proper form of pleadings." Hopkins v. St. Lucie Cnty. Sch. Bd., 399 Fed. Appx. 563, 565 (11th Cir. 2010); see also McNeil v.

2

United States, 508 U.S. 106, 113 (1993).

II.

The plaintiff's complaint arises out of his arrest after law enforcement stopped his vehicle in Gainesville, Florida (Doc. 1, p. 3). The plaintiff alleges that he was unlawfully detained and arrested, after which his vehicle was seized and auctioned without due process (Doc. 1, p. 3). He also alleges that licensing statutes infringe on a purported constitutional "right to travel" (id.).

The complaint clearly violates Rules 8 and 10 of the Federal Rules of Civil Procedure. It is unquestionably not "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by Rule 8(a)(2), F. R. Civ. P. Thus, the complaint is replete with vague, conclusory and immaterial assertions and statements. For example, the pleading includes a "Table of Contents," "Table of Authorities," "Legal Definitions" and a "Memorandum of Law" (Doc. 1, pp. 1-4). Of course, none of these categories belong in a complaint, much less are the assertions therein material to stating a claim for relief (see, e.g., Doc. 1, p. 3, §VI (defining "person" and "ENSLEGIS")). The complaint is also replete with incoherent snippets such as "republican government principles violated" and

3

that licensing laws are "adhesion contracts" (Doc. 1, p. 4, §VIII).

On the other hand, support for the plaintiff's claims of constitutional violations is virtually non-existent, as he merely includes conclusory allegations of wrongdoing without identifying facts from which there are "plausible grounds to infer" the required elements of each claim. Watts v. Florida International University, 495 F.3d 1289, 1295-96 (11th Cir. 2007). Moreover, the plaintiff "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Barmapov v. Amuial, 986 F.3d 1321, 1325 (11th Cir. 2021). These are just some of the many deficiencies of this complaint.

In sum, instead of being a "short and plain statement" of the plaintiff's claims, the complaint is a shotgun pleading, as it forces the court to sift through a multitude of irrelevant information and decide for itself which are material to the claims asserted. See Id.; Anderson v. District Board of Trustees of Central Florida Community College, 77 F.3d 364, 366-67 (11th Cir. 1996). Shotgun pleadings "are flatly forbidden by the spirit, if not the letter, of these rules." Barmapov v. Amuial, supra, 986 F.3d at 1324. Therefore, even construing the plaintiff's complaint liberally, Tannenbaum

4

v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), the plaintiff's complaint should be dismissed.

In this circumstance, however, it is appropriate to permit the plaintiff to file an amended complaint because a pro se plaintiff generally must be given at least one chance to amend a deficient complaint before the district court dismisses the action with prejudice. See Silberman v. Miami Dade Transit, 927 F.3d 1123, 1132 (11th Cir. 2019); Troville v. Venz, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002) (§1915(e)(2)(B)(ii) dismissal does not allow the district court to dismiss an in forma pauperis complaint without allowing leave to amend as permitted under Rule 15, F.R. Civ. P.).

Additionally, in this matter, an amended complaint must include allegations showing that venue in this district is appropriate. See Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1258 (11th Cir. 1988) (a court may dismiss a suit sua sponte for lack of venue after the plaintiff has an opportunity to respond). The plaintiff asserts that venue is appropriate here because he lives in Tampa and the events occurred in this district (Doc. 1, p. 3). However, the plaintiff's residence is not a basis for venue, and the factual allegations indicate that a substantial part of the events giving rise to the claim occurred in Gainesville, Florida, so that venue is

proper in the United States District Court in the Northern District of Florida (Doc. 1, p. 3). See 28 U.S.C. §1391(b)(2).

Accordingly, I recommend that the complaint be dismissed, but with leave to file an amended complaint that corrects the multitude of deficiencies in this pleading.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: November 17, 2025

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. 636(b)(1)(C). Under 28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.